**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

MONTREAL MAINE & ATLANTIC RAILWAY, LTD.,

Debtor.

Chapter 11
Case No. 13-10670

**PRELIMINARY RESPONSE OF CHAPTER 11 TRUSTEE TO VARIOUS FIRST DAY MOTIONS FILED BY MONTREAL MAINE & ATLANTIC RAILWAY, LTD.**

Robert J. Keach, the chapter 11 trustee (the "Trustee") appointed pursuant to 11 U.S.C. § 1163 in the above-captioned chapter 11 case of Montreal Maine & Atlantic Railway, Ltd. (the "Debtor" or "MMA"), by and through his proposed counsel, hereby files this preliminary response (the "Response") to the following "first day" motions filed by the Debtor: (i) *Debtor's Motion for Order Pursuant to 11 U.S.C. §§ 361, 362, and 363; (I) Authorizing Debtor to Use Cash Collateral on Interim Basis; and (II) Scheduling a Hearing to Consider the Use of Cash Collateral on a Final Basis* [Docket No. 5] (the "Cash Collateral Motion"); (ii) *Debtor's Motion Pursuant to Sections 105(a), 363(b), 363(c), 507(a)(4), and 507(a)(5) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 for Order Authorizing (I) the Payment of Prepetition Employee Obligations and (II) the Continuation of Prepetition Employee Benefits* [Docket No. 6] (the "Payroll Motion"); (iii) *Debtor's Motion for Authorization to Use Pre-Petition Bank Accounts and Business Forms* [Docket No. 7] (the "Cash Management Motion"); and (iv) *Debtor's Motion to (I) Prohibit Utilities from Altering, Refusing or Discontinuing Services, and (II) Establish Procedures for Determining Requests for Additional Adequate Assurance* [Docket No. 9] (the "Utilities Motion") (collectively, the "First Day Motions"). As discussed more fully below, the Trustee requires additional time to consider the appropriateness of the relief requested

1

in the First Day Motions, and, specifically, to consider and evaluate the impact that the grant of administrative priority to prepetition personal injury and wrongful death claims, pursuant to 11 U.S.C. § 1171, will have on the administration of this case and the companion CCAA proceedings in Canada described below. In support of this Response, the Trustee states as follows:

1.  This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334 and D. Me. LR 83.6(a), pursuant to which all cases filed in Maine under 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") are referred to this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding over which the Court has jurisdiction and constitutional authority to enter a final order.

2.  On August 7, 2013 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition for relief. The First Day Motions (other than the Utilities Motion) were set for an emergency hearing on August 8, 2013 (the "First Day Hearing").

3.  As set forth on the record by the Debtor's counsel during the First Day Hearing, and as discussed in the *Affidavit of M. Donald Gardner, Jr. in Support of First Day Pleadings* [Docket No. 11] (the "Gardner Affidavit"), MMA's bankruptcy case was precipitated by a derailment, on July 6, 2013, of an unmanned eastbound MMA train with 72 carloads of crude oil and 5 locomotive units, in Lac-Mégantic, Quebec (the "Derailment"). The Derailment set off several massive explosions, destroyed part of downtown Lac-Mégantic, and is presumed to have killed 47 people. Prior to the Petition Date, and as a result of the Derailment and the related injuries, deaths, and property damage, lawsuits were filed against the Debtor both in the United States and Canada. The Trustee expects that the estate will face significant prepetition personal injury, wrongful death, and environmental claims.

4.     Also on or around the Petition Date, MMA's wholly-owned Canadian subsidiary, Montreal Maine & Atlantic Canada Co., filed a Petition for the Issuance of an Initial Order (the "Petition") in the Superior Court of Canada pursuant to the Companies' Creditors Arrangement Act (CCAA). The Petition in that case (the "Canadian Case") was granted on August 8, 2013.

5.     At the First Day Hearing, the Debtor was granted authority to "carry on normal business operations," including the possession of its assets, the collection of accounts receivable, and the expenditure funds in accordance with the budget attached to the Cash Collateral Motion, pending appointment of a chapter 11 trustee. *See* Order Authorizing the Debtor's Continued Business Operations Pending Appointment of a Chapter 11 Railroad Trustee [Docket No. 34].

6.     The Court also granted the Payroll Motion and entered orders granting the Cash Management Motion and the Cash Collateral Motion on an interim basis.

7.     The Utilities Motion was set for hearing on August 22, 2013, and continued hearings on the Payroll Motion, the Cash Collateral Motion, and the Cash Management Motion were also set for hearing on that date (the "August 22 Hearing").

8.     On August 21, 2013, the United States Trustee for Region 1 appointed the Trustee [Docket No. 64]. The Trustee will be filing an application seeking to retain Bernstein, Shur, Sawyer & Nelson, P.A. as his counsel in this case. The Trustee expects to file that application on August 21, 2013.

9.     The Trustee has reviewed the First Day Motions but, due to his appointment shortly before the August 22 Hearing, requires additional time within which to consider the relief requested by the First Day Motions and to conduct appropriate due diligence with respect to the First Day Motions and all other aspects of the case.

10. Without limitation, the Trustee requires additional time to review the relief requested in the First Day Motions in light of the impact of section 1171 of the Bankruptcy Code. Section 1171(a) of the Bankruptcy Code, which applies only in railroad reorganization cases, provides as follows:

> There shall be paid as an administrative expense any claim of an individual or of the personal representative of a deceased individual against the debtor or the estate, for personal injury to or death of such individual arising out of the operation of the debtor or the estate, whether such claim arise before or after the commencement of the case.

11 U.S.C. § 1171(a). Section 1171(a) thus provides prepetition wrongful death and personal injury claims—of which there are many at issue in this case—with administrative expense status. In light of the significant wrongful death and personal injury claims asserted against the Debtor prior to the Petition Date, and assuming that section 1171 applies to the personal injury and wrongful death claims arising out of the Derailment, the Debtor's bankruptcy case may be administratively insolvent. The Trustee intends to negotiate carve-outs with certain secured parties to finance the administration of this case as well as the Canadian Case. To the extent the Trustee is successful in doing so, or in otherwise financing the cases, this case may be fully and successfully administered. However, all parties need to acknowledge the prospect that this case will be administered, beyond the need to preserve an operating railroad for the benefit of the Maine and regional economies (perhaps via a prompt sale), primarily for the benefit of the wrongful death and personal injury claimants. The Trustee has an obligation to assess the appropriateness of the relief requested in the First Day Motions in light of the issues raised by section 1171(a) and requires additional time within which to do so.

11. Accordingly, the Trustee respectfully requests that the Court schedule a continued hearing on the First Day Motions for September 10, 2013 at 10:00 a.m. in Bangor, which is the

Court's next available, regularly scheduled hearing date, or schedule a continued hearing on the First Day Motions at such other date and time as may be appropriate. Pending this continued hearing, the Trustee requests that the relief requested in the First Day Motions, with the exception of the Utilities Motion, be granted only on an interim basis, through September 10, 2013 or until a continued hearing on the First Day Motions may be held, and to the extent necessary to permit the Debtor to continue operating. Given that the Utilities Motion is largely procedural, and given the deadlines provided in section 366, an order may be entered granting the Utilities Motion, provided that the order provides that the Trustee is substituted for the Debtor with respect to any action required by or under the Utilities Motion and that order.

WHEREFORE, the Trustee respectfully requests that this Court: (i) set a continued hearing on the First Day Motions (other than the Utilities Motion) for September 10, 2013 at 10:00 a.m. in Bangor, Maine, or on such other date and time as may be appropriate; (ii) grant the relief requested in the First Day Motions on an interim basis, through September 10, 2013 or until a continued hearing on the First Day Motions may be held, and grant such relief to the extent necessary to permit the Debtor to continue operating; (iii) grant the Utilities Motion substituting the Trustee for the Debtor; and (iv) grant such other and further relief as may be necessary.

                                ROBERT J. KEACH,
                                CHAPTER 11 TRUSTEE OF MONTREAL
                                MAINE & ATLANTIC RAILWAY, LTD.
                                By his proposed attorneys:

Dated: August 21, 2013            /s/ *Michael A. Fagone*
                                Michael A. Fagone, Esq.
                                D. Sam Anderson, Esq.
                                BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
                                100 Middle Street
                                P.O. Box 9729
                                Portland, ME  04104
                                Telephone:  (207) 774-1200
                                Facsimile:   (207) 774-1127
                                E-mail: mfagone@bernsteinshur.com