## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>MONTREAL MAINE & ATLANTIC RAILWAY, LTD.<br><br>Debtor. | Bk. No. 13-10670<br>Chapter 11 |

### ORDER GRANTING APPLICATION FOR ORDER, PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE, AUTHORIZING THE EMPLOYMENT AND RETENTION OF GORDIAN GROUP, LLC TO PROVIDE INVESTMENT BANKING AND FINANCIAL ADVISORY <u>SERVICES TO THE TRUSTEE</u>

Upon consideration of the *Application for Order, Pursuant to Sections 327 and 328 of the Bankruptcy Code, Authorizing the Employment and Retention of Gordian Group, LLC to Provide Investment Banking and Financial Advisory Services to the Trustee* (the "<u>Application</u>"), filed by Robert J. Keach, the chapter 11 trustee (the "<u>Trustee</u>") in the above-captioned case of Montreal Maine & Atlantic Railway, Ltd. ("<u>MMA</u>"), and upon consideration of the *Declaration of Peter S. Kaufman in Support of the Application for Order, Pursuant to Sections 327 and 328 of the Bankruptcy Code, Authorizing the Employment and Retention of Gordian Group, LLC to Provide Investment Banking and Financial Advisory Services to the Trustee* (the "<u>Declaration</u>"), and it satisfactorily appearing that Peter S. Kaufman and Gordian Group, LLC ("<u>Gordian Group</u>") are disinterested and do not represent or hold any interest adverse to MMA, MMA's wholly-owned subsidiary, Montreal Maine & Atlantic Canada Co. ("<u>MMA Canada</u>"), or the estates of MMA and/or MMA Canada, and that the employment will be in the best interest of MMA and MMA's estate, it is hereby **<u>ORDERED</u>**, **<u>ADJUDGED</u>** and **<u>DECREED</u>** as follows:

    1.    The Application is granted.

1

2. The Trustee is hereby authorized to employ Gordian Group as an investment banker to perform the services set forth in the retention letter attached to the Affidavit as <u>Exhibit 1</u> (the "<u>Retention Agreement</u>").

3. Pursuant to 11 U.S.C. § 328(a), Gordian Group shall be entitled to compensation as follows:

   a. *Transaction Fee.* At the closing of any Sale Transaction, Gordian Group will be paid a transaction fee in an amount equal to 1.7% of Aggregate Consideration (as such term is defined in the Retention Agreement). No up-front or monthly fees are being paid to Gordian Group.

   b. *Reimbursement of Expenses.* Gordian Group shall be reimbursed upon invoice for all of its reasonable out-of-pocket expenses (including legal, travel, research and information, telephone and facsimile) incurred in connection with its engagement; provided, however, that Gordian Group shall obtain the prior consent of both the Trustee and the Monitor before incurring aggregate expenses in excess of $15,000, and provided, further, that all such expenses are subject to final review by the Bankruptcy Court upon application by Gordian Group.

4. The compensation payable to Gordian Group shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code.

5. Subject to the approval of this Court and the Canadian Court pursuant to the Protocol, Gordian Group will be paid in the Case and in the Canadian Case. The payment of the Transaction Fee and reimbursement of expenses incurred by Gordian Group will be allocated between the Debtor's and MMA Canada's estate, which allocation shall be subject to the approval of this Court and the Canadian Court.

6. This Order shall become final in fourteen (14) days unless a party in interest sooner objects, in which case the matter shall be set for hearing and considered by the Court as if this Order had not been entered.

Dated: October 7, 2013

_____
The Honorable Louis H. Kornreich
U.S. Bankruptcy Judge for the District of Maine

3