## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>MONTREAL MAINE & ATLANTIC RAILWAY, LTD.<br><br>Debtor. | Bk. No. 13-10670<br>Chapter 11 |

### ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ORDER: (A) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING; AND (B) GRANTING TO CAMDEN NATIONAL BANK POST-PETITION LIENS

This matter having come before the Court on the *Chapter 11 Trustee's Motion for Order: (A) Authorizing Debtor to Obtain Post-Petition Financing; and (B) Granting to Camden National Bank Post-Petition Liens* (the "Motion"), filed by Robert J. Keach, the chapter 11 trustee (the "Trustee") in the above-captioned chapter 11 case of Montreal Maine & Atlantic Railway, Ltd. ("MMA"), pursuant to sections 105 and 364 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 4001 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and D. Me. LBR 4001-4, and upon consideration of all responses to the Motion, if any, and this Court having held a hearing on the Motion, and after due deliberation and just cause appearing therefor,

**THE COURT HEREBY FINDS:**

    A.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has constitutional authority to enter final judgment in this proceeding.

    B.    Venue over this chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

C. The relief sought in the Motion is predicated upon sections 105(a) and 364(d) of the Bankruptcy Code, Bankruptcy Rules 4001(d)(1)(B) and 9013, and D. Me. LBR 4001-4.

D. On August 7, 2013, MMA filed a voluntary petition for relief under 11 U.S.C. § 101 et seq. (the "Case").

E. On August 21, 2013, the United States Trustee appointed the Trustee pursuant to 11 U.S.C. § 1163.

F. MMA requires post-petition financing and additional working capital pending the sale of its assets. MMA is unable to obtain financing on terms more favorable than the terms offered by Camden National Bank (the "Bank") as set forth in detail in the Motion.

G. The Trustee has requested that the Bank extend credit to be used for working capital and to fund its operations, and the Bank is willing to provide such credit upon the terms and conditions set forth in the commitment letter (the "Commitment Letter") attached to the Motion as **Exhibit A**.

H. Based on the record before the Court, all loans and extensions of credit made by the Bank to the Debtor pursuant to this Order shall be deemed to have been made in good faith within the meaning of section 364(e) of the Bankruptcy Code.

I. The Trustee represents, and it appears, that the post-petition financing and security arrangements authorized hereunder have been negotiated in good faith and at arm's length, and the terms of such financing and security arrangements are fair and reasonable under the circumstances and reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties.

J. The Court concludes that entry of this Order is in the best interests of MMA, its estate, and its creditors, as its implementation will, among other things, allow for the preservation of the value of the assets of MMA's estate.

K. All creditors holding an interest in the collateral to be pledged by the Debtor to the Bank as security, including the United States on behalf of the Federal Railroad Administration ("FRA") and the Maine Department of Transportation, have either not objected to the relief sought in the Motion, or are otherwise adequately protected, and the requirements of section 364(d)(1)(B) are deemed satisfied.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is granted.

2. MMA is hereby authorized to enter into the Loan, as such term is defined in the Motion, upon the terms set forth in the Motion and in the Commitment Letter, and upon the terms set forth in the loan documents relating to the Loan, which loan documents shall substantially reflect the terms of the Commitment Letter.

3. MMA shall concurrently herewith or thereafter, as requested by the Bank, execute and deliver to the Bank all such documents as the Bank may request to effectuate, evidence, confirm, validate or perfect the Bank's liens on and security interests in the Loan Collateral (as such term is defined in the Motion).

4. The Bank shall be entitled to, and MMA's obligations under the Loan shall be secured by, a first priority mortgage and a first priority security interest in the Loan Collateral, and all necessary creditors, including, without limitation, the FRA, shall be deemed to have subordinated their interests in and to the Loan Collateral to the Bank. No lien shall be granted

by this Court, or shall arise by operation of law or otherwise, that shall have priority over the first liens granted to the Bank in the Loan Collateral.

5. If the Loan is not paid in full on or before August 30, 2014, pursuant to the terms set forth in the Commitment Letter, and subject to any extensions, waivers, modifications, or amendments granted by the Bank in its sole discretion, then the Trustee shall, and is hereby authorized under 11 U.S.C. § 1174 and without further order of this Court, to liquidate the Loan Collateral or such portion thereof as is necessary to pay the Loan in full.

6. The Bank acted in good faith in relation to the Loan under section 364(e) of the Bankruptcy Code, and is entitled to the protections of section 364(e) of the Bankruptcy Code.

Dated: October 9, 2013

_____
The Honorable Louis H. Kornreich
United States Bankruptcy Judge for the
District of Maine

4