# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

In re:                                                )
    Montreal Maine & Atlantic Railway Ltd.,    )        Chapter 11
                                                      )        Case No. 13-10670
    Debtor                                          )

**ORDER AUTHORIZING THE APPOINTMENT OF A VICTIMS' COMMITTEE**

    Pending before the court is the motion of certain victims of the July 6, 2013 train derailment in Lac-Megantic, Quebec seeking the appointment of victim's committee. Initially, two of three groupings of victims sought such recognition. The requests for a victims' committee were opposed initially by the trustee and the United States Trustee. Their objections were withdrawn when this court announced that, if authorized, the victims' committee would not be empowered to employ any professionals other than counsel or be empowered to perform any duties beyond those enumerated in § 1103(c)(1) and (3) without specific leave of court.[1] Prior to the hearing on this motion, two of the three victims' groups merged and formed their own "informal" or "unofficial" committee of 42 of the 47 wrongful death victims (the "Group of 42"). The Group of 42 has withdrawn its request for official committee designation, and for reasons discussed below, it opposes the appointment of an official committee. The proponents of the current motion include the Province of Quebec, the municipality of Lac-Megantic and the representatives of certain class action plaintiffs in civil actions pending elsewhere.[2]

    In an ordinary commercial chapter 11 case the appointment of a committee of creditors by the United States Trustee is commonplace. See 11 U.S.C. §1102(a)(1). However, in a

---

[1] Unless otherwise indicated, all statutory references are to title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended ("the Bankruptcy Code").

[2] The record indicates that there is doubt with respect to the certification of this class.

railroad reorganization, like the present case, § 1102(a)(1) does not apply. See 11 U.S.C. § 1165. This departure from common practice in this case has been accepted by the parties and is not in dispute. The present motion is grounded on § 1102(a)(2), which allows the court to order the appointment by the United States Trustee of "additional committees of creditors or of equity security holders . . . to assure adequate representation . . . ." See 11 U.S.C. § 1102(a)(2).

The authorization of an additional committee is an extraordinary remedy that courts are reluctant to grant. See In re Residential Capital, LLC, 480 B.R. 550, 557 (Bankr. S.D.N.Y. 2012); In re Garden Ridge Corp., 2994 WL 523129 at *3 (Bankr. D. Del. 2005). When faced with the issue, courts generally ask two questions: Is the appointment of an additional committee necessary to assure adequate representation of the proponents; and, if so, do the circumstances warrant the exercise of the court's discretion? Residential Capital, 480 B.R. at 557. The burden on each of these questions falls on the proponents.

No hard evidence was offered by the proponents on either question. Perhaps this is because it is apparent to all that the victims of the Lac-Megantic derailment are creditors and parties-in-interest, who have suffered great physical, psychological and economic harm. It is equally clear that the victims are not of a single type. Some, like the surrogates in the Group of 42, have wrongful death claims; others may be survivors with personal injury tort claims, or people who have lost their homes, livelihoods and property. Others may be non-governmental agencies or entities and agencies of the Canadian federal government, the Province of Quebec, and the municipality that have contributed aid and shelter to the victims or devoted assets to the clean-up and restoration efforts. All of these victims deserve a right to be heard in these proceedings as parties-in-interest. Yet, not all are capable of meaningful participation in this case for several reasons: Most are residents of Quebec; most speak French as their primary

language; many are unsophisticated in affairs of this type; and many may lack the resources to hire independent counsel.  Surely some, like the agencies of government, and the Group of 42 have the wherewithal to appear and fully represent their peculiar interests; others do not.

The special concern of the Group of 42 is that the attorneys representing the group as a whole and each individual member are, and should remain, the sole spokesmen for their clients; and, if authorized, a victims' committee might come between the members of the group and their chosen representatives.  This worry is legitimate; however, the contractual arrangements affecting the Group of 42 do not impact others beyond that group who may be deemed eligible for membership on a victims' committee.  Moreover, if invited by the United States Trustee, the Group of 42, as such, or any member thereof, may chose to serve on the victims' committee along with non-group victims.

I conclude that the proponents of a victims' committee have met their burden on the need of representation in the formulation of a plan which will determine the extent to which victims may share in any distribution.  An official committee will give them a voice at the table.  I also conclude that there are several reasons for me to exercise my discretion in this instance.  A victims' committee will (1) provide an extra-judicial forum for victims with claims of different kinds to develop a common approach to case administration, the development of a plan and any issue in the case; (2) allow victims to speak with one voice when appropriate on any issue in the case without hampering the rights of any individual party-in-interest; (3) give official standing and voice to victims who may be without one in these proceedings; and (4) give the trustee and other parties a point of contact and negotiating partner on a plan and any other issue in the case.

For the above reasons, and for good cause shown; it is hereby

**ORDERED**

That the United States Trustee is authorized to appoint a victims' committee to assure adequate representation of victims of the Lac-Megantic derailment in this case. In so doing the United States Trustee shall exercise his discretion and appoint a committee of sufficient size and diversity so that the purpose of this authorization is fulfilled; and it is further

**ORDERED**

That the victims' committee shall not be empowered to employ any professionals other than counsel or be empowered to perform any duties beyond those enumerated in § 1103(c)(1) and (3) without specific leave of court.

DATED: October 18, 2013

_____
Louis H. Kornreich, Chief Judge
U. S. Bankruptcy Court