**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>MONTREAL MAINE & ATLANTIC RAILWAY, LTD.<br><br>Debtor. | Bk. No. 13-10670<br>Chapter 11 |

**INTERIM ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ORDER (A) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING AND (B) GRANTING TO CAMDEN NATIONAL BANK POST-PETITION PRIORITY LIENS**

This matter having come before the Court on the Chapter 11 Trustee's Motion for Interim and Final Orders: (A) Authorizing Debtor to Obtain Post-Petition Financing; and (B) Granting to Camden National Bank Post-Petition Priority Liens (the "Motion"), filed by Robert J. Keach, the chapter 11 trustee (the "Trustee") in the above-captioned chapter 11 case of Montreal Maine & Atlantic Railway, Ltd. (the "Debtor"), pursuant to sections 105, 361, 362 and 364 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 4001, 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-1, 4001-2, 4001-3 (as applicable), 4001-4, 9013-1, and 9014-1 of the Local Bankruptcy Rules for United States Bankruptcy Court for the District of Maine (the "Local Rules"), and upon consideration of all responses to the Motion, if any, and this Court having held a hearing on the Motion, and after due deliberation and just cause appearing therefor,

**THE COURT HEREBY FINDS:**

    A.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has constitutional authority to enter final judgment in this proceeding.

    B.    Venue over this chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

1

C.	The relief sought in the Motion is predicated upon sections 105(a), 362(f), and 364 of the Bankruptcy Code, Bankruptcy Rules 4001(d)(1)(B), 9013, and 9014 and Rules 4001-1, 4001-2, 4001-3 (as applicable), 4001-4, 9013-1, and 9014-1 of the Local Rules.

D.	The Motion was served by the Trustee on: (i) the United States Trustee; (ii) the Debtor's counsel; (iii) counsel to Montreal Maine & Atlantic Canada Co. ("MMA Canada"); (iv) the Monitor in the Canadian insolvency proceedings of MMA Canada; (v) counsel to the Monitor; (vi) the non-insider holders of the twenty (20) largest unsecured claims against the Debtor or, if applicable, the lawyers representing such holders; (vii) applicable federal and state taxing authorities; (viii) the holders of secured claims against the Debtor or, if applicable, the lawyers representing such holders; (ix) counsel to the Official Committee of Derailment Claimants (the "Committee"); (x) Camden National Bank; (xi) the United States of America on behalf of the Federal Railroad Administration (the "FRA"); (xii) the Maine Department of Transportation ("MDOT"); (xiii) Wheeling & Lake Erie Railway Company; (xiv) Bangor Savings Bank; and (xv) others who have entered an appearance and requested service of papers in the chapter 11 case (collectively, the "Notice Parties").  Under the circumstances, the notice given by the Trustee of the Motion, the relief requested therein and the hearing thereon constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 4001, 9013 and 9014 and Local Rules 4001-2, 4001-3 (as applicable), 4001-4, 9013-1, and 9014-1, and no further notice is necessary or required.

E.	On August 7, 2013, the Debtor filed a voluntary petition for relief under 11 U.S.C. § 101 et seq. (the "Case").

F.	On August 21, 2013, the United States Trustee appointed the Trustee pursuant to 11 U.S.C. § 1163.

G. The Debtor requires additional post-petition financing and working capital pending the closing of the sale of its assets (the "Sale"). The Debtor is unable to obtain financing on terms more favorable than the terms offered by Camden National Bank (the "Lender") as set forth in detail in the Motion.

H. The Trustee has requested that the Lender extend credit to be used for working capital and to fund its operations, and the Lender is willing to provide such credit substantially upon the terms and conditions set forth in the commitment letter (the "Commitment Letter") attached to the Motion as **Exhibit A**.

I. Based on the record before the Court, all loans and extensions of credit made by the Lender to the Debtor pursuant to this Order shall be deemed to have been made in good faith within the meaning of section 364(e) of the Bankruptcy Code.

J. The Trustee represents, and it appears, that the additional post-petition financing and security arrangements authorized hereunder have been negotiated in good faith and at arm's length, and the terms of such financing and security arrangements are fair and reasonable under the circumstances and reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties.

K. The Court concludes that entry of this Order is in the best interests of the Debtor, its estate, and its creditors, as its implementation will, among other things, allow for the preservation of the value of the assets of the Debtor's estate.

L. Absent approval of the Motion and entry of this Order, the Debtor and its creditors and other parties in interest will suffer immediate and irreparable harm given that the Debtor does not otherwise have sufficient funds to continue operations and preserve the value of its assets pending the closing of the Sale.

M.  On the record before the Court, the Trustee is unable to obtain other adequate financing on more favorable terms and all creditors holding an interest in the Loan Collateral (as defined below), including the FRA and MDOT, have either consented or are deemed to have consented, or have not objected to, the relief sought in the Motion on an interim basis upon the terms set forth in this Order, or are otherwise adequately protected, in accordance with section 364(d)(1) of the Bankruptcy Code.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion is granted.

2. The Debtor is hereby authorized to enter into the New Loan, as such term is defined in the Motion, upon the terms set forth in the Motion and in the Commitment Letter, and upon the terms set forth in the loan documents relating to the New Loan, which loan documents shall substantially reflect the terms of the Commitment Letter.

3. The Debtor shall concurrently herewith or thereafter, as requested by Lender, execute and deliver to Lender all such documents as the Lender may request to effectuate, evidence, confirm, validate or perfect Lender's liens on and security interests in the Loan Collateral (as such term is defined in the Motion).

4. With the consent of MDOT and in the absence of objection from the FRA, the Debtor is authorized to borrow $750,000.00 (the "Interim Funding Amount") of the New Loan, resulting in $3.75 million borrowed in the aggregate, which shall solely be used to (a) pay any and all interest, fees and expenses owing to Lender pursuant to the Loan Documents and (b) fund operations through a final hearing on the Motion scheduled for February 26, 2014. In order to adequately protect the FRA in relation to the Interim Funding Amount, the Debtor hereby grants to FRA a first-priority lien, subject only to the interests, if any, of Wheeling & Lake Erie

Railway Company ("Wheeling"), in the Debtor's interest in the following: (a) the proceeds of the settlement reached with Travelers Property Casualty Company of America, which settlement was approved by the terms of an Order entered by this Court on December 24, 2013 (the "Travelers' Proceeds"); and (b) the proceeds of the agreement relating to the assignment of 45G tax credits, which agreement was approved by Order of this Court dated December 17, 2013 (the "45G Proceeds").  For purposes of clarity, in the event it is determined that Wheeling does not have an interest in all or any part of the Travelers' Proceeds and/or the 45G Proceeds, the FRA shall have a first-priority lien on such of the otherwise unencumbered Travelers' Proceeds and the 45G Proceeds and a second priority lien junior to Wheeling in all other such proceeds.

5. In consideration of the effect of this Order upon the FRA's interest, the Trustee, for himself and on behalf of the Debtor and its agents, successors, servants, attorneys, assigns and representatives (the releasing parties referenced in this paragraph hereinafter collectively referred to as the "Releasors"), hereby forever release, discharge and covenant not to sue, the FRA, its officers, its employees and attorneys (the released parties referenced in this paragraph hereinafter collectively referred to as the "Releasees") with regard to, any liabilities, debts, accounts, judgments, contracts, encumbrances, liens, attorneys' fees (including costs and expenses), obligations, promises, representations, agreements, warranties, complaints, actions, suits, demands, and claims of any kind or nature from the beginning of the world to the date hereof, excepting only those rights arising out of that certain Stipulation Concerning Carve-Out from Collateral of the Federal Railroad Administration entered into by the Trustee and the FRA on or about September 16, 2013.

6. Lender shall be entitled to, and the Debtor's obligations under the New Loan shall be secured by, a first-priority mortgage and a first-priority security interest in the Loan

5

Collateral, and all necessary creditors, including, without limitation, the FRA and MDOT, shall be deemed to have subordinated their interests in and to the Loan Collateral to Lender. No lien shall be granted by this Court, or shall arise by operation of law or otherwise, that shall have priority over the first liens granted to Lender in the Loan Collateral.

7. If the New Loan is not paid in full on or before August 30, 2014, pursuant to the terms set forth in the Commitment Letter, and subject to any extensions, waivers, modifications, or amendments granted by Lender in its sole discretion, then the Trustee shall, and is hereby authorized under 11 U.S.C. § 1174 and without further order of this Court, to liquidate the Loan Collateral or such portion thereof as is necessary to pay all obligations owed to Lender in full.

8. The Lender acted in good faith in relation to the New Loan under section 364(e) of the Bankruptcy Code, and is entitled to the protections of section 364(e) of the Bankruptcy Code.

9. The automatic stay in effect pursuant to section 362 of the Bankruptcy Code and any other restriction imposed by an Order of the Court or applicable law are hereby modified and vacated, without further notice, application or Order of the Court, to the limited extent necessary to permit Lender to perform any act authorized or permitted under or by virtue of this Order or the Loan Documents, including, without limitation: (a) to implement the New Loan authorized by this Order and pursuant to the terms of the Loan Documents; (b) to take any act to create, validate, evidence, attach or perfect any lien, security interest, right in or claim against the Loan Collateral; and (c) to assess, charge, collect, advance, deduct and receive payments with under the Loan Documents, including, without limitation, all interests, fees, costs and expenses permitted under the Loan Documents, and apply such payments in accordance with the Loan Documents and this Order.

10. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon entry hereof, and there shall be no stay of effectiveness of this Order, including any stay otherwise applicable under sections 4001(a)(3) or 6004(h) of the Bankruptcy Code.

11. The Trustee shall serve upon the Notice Parties by no later than February 12, 2014 a notice of (a) the entry of this Order and (b) a final hearing on the Motion to be held on February 26, 2014 at 10:00 a.m. ET. Any objections to the approval of the Motion at the final hearing must be filed with the Court and served so to be received by counsel to the Trustee and the Lender on or before 5:00 p.m. ET on February 19, 2014. If no objections are timely filed and served, then the Court may enter a final order approving the Motion without any further hearing.

Dated: February 11, 2014

_____
The Honorable Louis H. Kornreich
United States Bankruptcy Judge for the
District of Maine